## BOWES *vs.* TIBBETS.

Where a poor child is bound an apprentice by the overseers of the poor, to do any work in which his master may see fit to employ him; this is understood to mean any lawful work; and the indenture is valid within the statute.

Where an apprentice is employed by a third person, without the knowledge or consent of his master; the master is entitled to recover the value of his earnings against the employer, even though the latter did not know that he was an apprentice.

THIS was an action of *assumpsit*, for the value of services rendered to the defendant, by *Abraham Collamore* the plaintiff's apprentice.

In a case agreed by the parties, it was admitted that the boy was properly bound by indenture to the plaintiff, by the overseers of the poor of the town of *Washington, May* 22, 1820, " to any work he might see fit to place him ;"—that in *June* 1828, he left his master without leave, was advertised by him as an absconding apprentice, in the newspaper printed in *Thomaston,* and had never returned to his service ; that about fourteen months ago he came with his father

to the defendant, in *Wiscasset,* and with his own consent was hired to the defendant, by his father, and performed the services sued for in this action ; and that he was still a minor.   It did not appear that the defendant ever knew that the boy was an apprentice to the plaintiff ; or had been advertised ; nor had the plaintiff demanded payment for his services before the commencement of this action.   The indenture contained the usual covenants for the instruction and benefit of the apprentice.

Upon these facts the case was submitted to the decision of the court.

*Reed,* for the plaintiff, relied on *James v. LeRoy,* 6 *Johns.* 274.

*Sheppard,* for the defendant, resisted the plaintiff's claim, arguing that as no action would lie for enticing away another man's servant or apprentice without knowledge that he was such ; 1 *Bl. Comm.* 429 ; 1 *Com. Contr.* 124 ; *Eades v. Vandeput,* 5 *East,* 39 ; *Co. Lit.* 117, *a. note* ; by parity of reason none would lie for his services, where the party had no cause to suspect that he was employing the apprentice of another.   In such case a previous demand, at least, was necessary, to establish a privity of contract between the parties.

The case of *James v. Le Roy,* he contended, was not in point, because the facts were not similar to those of the case at bar.

But if that case is deemed conclusive upon the point of notice ; yet here the plaintiff's long neglect to seek and recover his apprentice, and that of the overseers in not inquiring into the treatment he was receiving, which they were bound to do as long as he remained an indented apprentice, must be regarded as an assent to his departure, and an abandonment of the contract of service ; leaving the father's rights as they stood before.   *Day v. Everett,* 7 *Mass.* 145.

But the indenture itself is void, not pursuing the statute, which seems to intend that the child should be bound out to learn some useful art, trade or mystery, by which he might earn his livelihood ; instead of being a servant of all work, as in the present case.   *Butler v. Hubbard,* 5 *Pick.* 250.

WESTON J. delivered the opinion of the Court at the ensuing May term in *Kennebec.*

The case finds that *Abraham Collamore,* for whose services this action is brought, was duly and legally bound as an apprentice to the plaintiff, for a period which has not yet expired. The indenture is made part of the case, and it is insisted by the counsel for the defendant, that notwithstanding he has admitted in the statement of facts that the binding was legal, he may take exceptions thereto, if the indenture appears to be insufficient. The indenture is executed by the plaintiff and the overseers of the town of *Putnam,* now *Washington,* under the act for the relief, support, and employment of paupers. The term, apprentice, is used, although no trade, art or mystery is mentioned therein, in which the apprentice was to be instructed by his master ; but he was to do any work, by which must be understood lawful work, in which his master might think proper to employ him. Although called an apprentice, he was not one either according to the general meaning of the term, or in the sense in which it is used in the statute. But notwithstanding the unskilful or improper use of this word by the overseers, we are of opinion that the minor was substantially and legally bound as a servant. They had authority thus to bind him. They undertook that he should serve his master ; and the covenants on the part of the latter, for the benefit of the minor, undertake to afford him the education required by the statute, and are in other respects favorable and liberal. The plaintiff thereby became entitled, instead of the father, to the services of the minor, until he arrived at the age of twenty one years. He continued with his master for eight years, and then left his service, without authority or discharge ; and it does not appear that he had any cause of complaint.

The defendant has had the benefit of the services of the minor, and the law raises a promise on his part to make a reasonable compensation therefor. To whom shall this be paid ? Not to the minor, whose rights and interests were otherwise provided for, under the protection of the law. Not to the father ; for his parental rights and duties had been transferred to another. But to the plaintiff, who

had purchased his services, for a valuable consideration paid or secured. The defendant's obligation to pay the plaintiff, arises from his use of his property, and although he might suppose the right to be in another, or might be ignorant of the plaintiff's rights, his misapprehension or ignorance cannot change his legal liability.

Where the action is for enticing the plaintiff's servant or apprentice, it must be made to appear that the defendant did it with a knowledge of the plaintiff's rights. And it seems from the authorities that this is the only action, which can be sustained for employing the servant of another of full age. In the case of a minor indented as an apprentice or servant, his services actually become the property of his master. A right may be acquired to the labor of a servant of full age; but it is a right resting in contract, for the breach of which there may be a recovery in damages. The master has no lien upon his subsequent earnings; but may obtain satisfaction for the injury he has sustained by the ordinary process of law, of the servant, or of any other person, who knowingly seduces him.

The case, cited from 6 *Johns.* 274, is an authority for maintaining this action upon the facts agreed; and we are satisfied that it is maintainable also upon principle.

*Judgment for the plaintiff.*